FILED

1  Alan Nakazawa, State Bar No. 84670
   Dena S. Aghabeg, State Bar No. 185311
2  Ken D. Sato, State Bar No. 252543                2009 FEB 19 PH 4: 14
   COGSWELL NAKAZAWA & CHANG, LLP
3  444 West Ocean Boulevard, Suite 1250            CLERK, U.S. DISTRICT COURT
   Long Beach, California 90802-8131                CENTRAL DIST. OF CALIF.
4  Telephone (562) 951-8668                             LOS ANGELES
   Facsimile: (562) 951-3933                        BY _____

5
   Attorneys for Defendant
6  KAWASAKI KISEN KAISHA, LTD.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                    CV09 01230 FMC(Ex)
11  STARBUCKS CORPORATION,        CASE NO.:
    doing business as STARBUCKS
12  COFFEE COMPANY, a corporation,

13          Plaintiff,              NOTICE OF REMOVAL UNDER
                                    28 U.S.C. § 1331 (FEDERAL
14  vs.                            QUESTION) AND 28 U.S.C. §1332
                                    (DIVERSITY OF CITIZENSHIP)
15  HANJIN SHIPPING CO LTD.;
16  and Does 1 Through 20
    inclusive
17          Defendants.

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331 (federal

21  question), 28 U.S.C. §1332 (diversity of citizenship), 28 U.S.C. § 1441(b)

22  (removability of actions), and 28 U.S.C. § 1446 (removal procedure), Defendant

23  KAWASAKI KISEN KAISHA, LTD. (hereinafter referred to as the "K" Line)

24  removes the state case identified below to this Court.

25          1.      On January 23, 2009, a Complaint was filed in the Superior

26  Court for the State of California, in and for the County of Los Angeles - South

27  District, entitled "Starbucks Corporation v. Hanjin Shipping co., Ltd. et al., case

28  ///

                            1
       NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)

1  number NC052412.  A true and correct copy of the Complaint is attached hereto as
2  Exhibit "A" and incorporated herein by this reference.

3     2. This removal is timely.  A defendant has 30 days to remove the
4  case to federal court, commencing upon service of the Complaint.  28 U.S.C. §
5  1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 143 L.
6  Ed. 2d 448, 119 S. Ct. 1322 (1999).  A copy of the Complaint was received by
7  "K" Line at the offices of its agent in Richmond, Virginia, on or about January 30,
8  2009.  Hanjin Shipping Co., Ltd. ("Hanjin")  is the only other defendant named
9  and served in this action and Hanjin was served with the Summons and Complaint
10  less than 30 days before the filing of this Notice of Removal.

11     3. This Court has federal question jurisdiction over the claims
12  against KAWASAKI KISEN KAISHA, LTD.  28 U.S.C. § 1331 confers original
13  jurisdiction to this Court of "all civil actions arising under the laws ... of the
14  United States."  As such, a federal court has original jurisdiction over all claims
15  arising under any act of Congress that regulates commerce, where the remedy
16  sought is inferable from the act or hinges upon an interpretation of it.  28 U.S.C.
17  §1337; *Lomanco, Inc. V. Missouri Pacific Railroad Co.*, 566 F. Supp. 846, 847-
18  848 (E.D. Ark. 1983).

19     4. The Carriage of Goods by Sea Act ("COGSA") "has been held
20  to undoubtedly be such an 'act of Congress regulating commerce' within the
21  meaning of 28 U.S.C. §1337." *Lomanco, Inc. supra*, 556 F. Supp. at 848.
22  COGSA "affords the same kind and character of regulation and control of the
23  carriage of goods by sea in foreign commerce as is afforded to interstate carriage
24  by rail and motor carriage under the Interstate Commerce Act, §1 et seq., Title 49,
25  U.S.C.A.; and to carriage by air under the terms of the Civil Aeronautics Act, §401
26  et seq., Title 49, U.S.C.A." *Crispin Co., v. Lykes Bros. S.S. Co.*, 134 F. Supp. 704,
27  705 (S.D. Tex. 1955).
28  / / /

5.    COGSA is a statutory scheme enacted by Congress in 1936 which regulates the carriage of goods by sea in foreign trade under bills of lading. COGSA is the United States version of the "Hague Rules", an international maritime convention signed in Brussels on August 25, 1924. The Hague Rules have been adopted by most of the major maritime nations of the world. COGSA, like the Hague Rules, establishes a comprehensive framework of the rights and liabilities by which shippers and ocean carriers are governed. See *Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528, 536 (1995); *Institute of London Underwriters v. Sea-Land Service, Inc.*, 881 F. 2d 761, 763 (9th Cir. 1989).

6.    COGSA applies *ex proprio vigore* to every bill of lading that evidences a contract of carriage by sea to and from the United States in foreign trade. 46 U.S.C. §30701 (formerly 46 U.S.C. §1312). *Crispin Co.*, supra, 134 F. Supp. 706, *The Continental Insurance Company v. Kawasaki Kisen Kaisha, Ltd.*, 542 F. Supp. 2d 1031, 1034 (N.D. Cal. 2008).

7.    The Complaint alleges that the defendants received shipments of bags of green coffee at Belawan, Indonesia for carriage to Baltimore, Maryland, pursuant to certain Hanjin ocean bills of lading. (*See* Complaint, Exhibit "A" at ¶ 5). Although the Complaint makes no mention of COGSA, the cargo claims arising from the transportation of these goods are governed by COGSA, by the force of its own terms and by the terms and conditions of bills of lading. See *Institute of London Underwriters v. Sea-Land Service, Inc.*, 881 F. 2d 761, 763 (9th Cir. 1989); *Hoegh Lines v. Green Truck Sales, Inc.*, 298 F. 2d 240, 242 (9th Cir. 1962); *cert. denied*, 371 U.S. 817 (1962).

8.    Plaintiff's claims against "K" Line consequently arise under the laws of the United States, which bring them within the scope of this Court's federal question jurisdiction. This case is therefore removable pursuant to 28 U.S.C. § 1441(b). See *The Continental Insurance Company v. Kawasaki Kisen Kaisha, Ltd.*, 542 F. Supp. 2d 1031 (N.D. Cal. 2008); *B.F. McKernin & Co., Inc. v.*

3

1  *United States Lines, Inc.*, 416 F. Supp. 1068, 1071 (S.D.N.Y. 1976); *Jones v.*

2  *Compagnie Generale Maritime*, 882 F. Supp. 1079, 1083 (S.D. Ga. 1995); *Joe*

3  *Boxer, Inc. v. Fritz Transp. Int'l*, 33 F. Supp.2d 851, 854 (C.D. Cal. 1998); .

4     9. The great weight of authority supports a finding that any state

5  law claims alleged by Plaintiff are preempted by COGSA.

6     10. In *B.F. McKernin & Co., Inc. . United States Lines, Inc.*, 416 F.

7  Supp. 1068 (S.D.N.Y. 1976), the cargo owner sued the ocean carrier in New York

8  State Court to recover damages allegedly resulting from the carrier's delay in

9  delivering a shipment from New York to the Netherlands.  The case was removed

10  to federal court.  The Plaintiff cargo owner alleged common law claims for

11  conversion and breach of contract.  The ocean carrier contended, *inter alia*, that

12  any claim arises solely under COGSA. *Id.* At 1070.  The Court agreed, finding hat

13  under Sections 1300 and 1312 of COGSA, the remedies of COGSA are exclusive.

14  The Court dismissed the common law claims for conversion and breach of

15  contract.  The Court, quoting from *Crispin Co.,*, supra, 134 F. Supp. at 706

16  stated:

17     "The petition contains no mention of or reference to, the

18     Carriage of Goods by Sea Act.  In separate paragraphs,

19     allegations are made of breach of contract... and of

20     negligent handling of the cargo. . . But the only duty

21     which the defendant owes plaintiff springs from the

22     shipper-carrier relationship; and despite careful omission

23     of any reference to the statute, and whether the complaint

24     sounds in tort or contract, the obligations, responsibilities,

25     and liabilities wich result from the shipper-carrier relation,

26     are circumscribed by terms of the statute."

27     11. Similarly, in *Polo Ralph Lauren, L.P. v. Tropical Shipping &*

28  *Construction Co., Ltd.*, 215 F. 3d 1217, 1220 (11th Cir. 2000), the Eleventh Circuit

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b)

addressed COGSA's purpose of "achiev[ing] international uniformity. . . by setting out certain duties and responsibilities of carriers. . ." The Court found that "[b]ecause COGSA governs during the time after cargo is loaded and before it is removed from the ship, the implication from this provision is that COGSA, when it applies, supersedes other laws." *Id., citing* §1311. The Court held that because COGSA applied to Plaintiff's action against the ocean carrier, it provided the *exclusive* remedy to the cargo lost overboard in rough seas .

12.    The recent United States Supreme Court decision in *Norfolk Southern Railway Company v. Kirby*, 543 U.S. 14 (2004) also provides guidance for this Court and supports COGSA's preemption of state law claims.

In *Kirby*, cargo was carried from Australia to Savannah, Georgia, and then by rail to Huntsville, Alabama under through ocean bills of lading. The ocean carrier hired a railroad to carry the cargo from Savannah to Huntsville. During the rail transportation, the train derailed and the cargo was damaged. The cargo owner sued the railroad. The railroad asserted the limitation of liability under the terms of the ocean bills of lading and COGSA. The cargo owner asserted that its tort and contract claims were governed by state law, rather than federal law.

*Kirby* held that "so long as a bill of lading requires substantial carriage of goods by sea, it purpose is to effectuate maritime commerce - and thus it is a maritime contract." *Id*. at 27. *Kirby* also concluded that the through bill of lading should be governed and interpreted under federal law to promote the uniformity of general maritime law. *Id* at 28. In *Kirby*, as in this case, that federal law was COGSA. *Id*. at 29.

*Kirby* sought to "protect the uniformity of federal maritime law," and "reinforce the liability regime Congress established in COGSA." *Kirby*, 543 U.S. at 29. The application of state law in a COGSA case undermines the fundamental policies the *Kirby* sought to advance. As *Kirby* stated: [a]pplying state law to

1    cases like this one would undermine the uniformity of general maritime law." *Id.*
2    at 28.   Application of state law to an ocean bill of lading would create the
3    [c]onfusion and inefficiency" that "inevitably result[s] when "more than one body
4    of law governs a given contract's meaning." *Id.*

5            13.   This Court also has diversity jurisdiction over the claims against
6    "K" Line.  This is a civil action by which this Court has original jurisdiction under
7    28 U.S.C. §1332, and is one which may be removed to this Court by defendants
8    pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between
9    citizens of a State and citizens of foreign states and the matter in controversy
10   exceeds the sum of $75,000, exclusive of interest and costs, based on the
11   allegations in the Complaint.

12           14.   At the time of the filing of the Complaint and at the time this
13   Notice of Removal was filed, defendant "K" Line was and is a corporation
14   organized and existing under the laws of Japan with its principal place of business
15   in Tokyo, Japan, defendant Hanjin was and is a corporation organized and existing
16   under the laws of the Republic of Korea with its principal place of business in
17   Seoul, Korea, and Plaintiff is incorporated in the State of Washington with its
18   principal place of business in Seattle.  Thus, complete diversity existed at the time
19   of the filing of the Complaint and at the time of the filing of this Notice of
20   Removal.
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

1        15.  All other defendants who have been served with the Summons

2   and Complaint have joined in this Notice of Removal, as evidenced by the Joinder

3   of Hanjin.

4

5

6   Dated: February *19* , 2009     COGSWELL NAKAZAWA & CHANG, LLP

7

8   By

9        Alan Nakazawa
         Dena S. Aghabeg
         Ken D. Sato
10       Attorneys for Defendant KAWASAKI
         KISEN KAISHA, LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

1 | DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO & SIRNA, LLP
2 | 555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
3 | Telephone: (562) 495-9501
Facsimile: (562) 495-3674
4
Attorneys for Plaintiff,
5 | STARBUCKS CORPORATION doing business
as STARBUCKS COFFEE COMPANY
6
7
8

JAN 2 3 2009

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

CASE MANAGEMENT CONFERENCE
SET FOR 8:30 a.m.
JUN 2 2 2009

IN DEPARTMENT H

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - SOUTH DISTRICT

| | |
|---|---|
| 11 STARBUCKS CORPORATION doing business as STARBUCKS COFFEE COMPANY, ) ) ) ) | Case No.: |
| 12 | COMPLAINT FOR DAMAGE TO CARGO; NEGLIGENCE/WILLFUL MISCONDUCT; BREACH OF CONTRACT; BREACH OF WARRANTY; BREACH OF BAILMENT |
| 13 Plaintiff, ) | |
| 14 vs. ) | |
| 15 HANJIN SHIPPING CO., LTD.; and DOES 1 through 20, inclusive, ) ) ) | |
| 16 | |
| 17 Defendants. ) ) | |

Plaintiff alleges:

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**(Damage to Cargo)**

1.     Plaintiff, STARBUCKS CORPORATION doing business as STARBUCKS

COFFEE COMPANY (hereinafter "STARBUCKS" or "Plaintiff") is a corporation authorized to

do business in the State of California with an office and place of business at 2401 Utah Avenue

South, Suite 800, S-LA1, Seattle, Washington 98124. Plaintiff brings this action on its own

behalf and on behalf of all others having any interest in the Cargo referred to below.

2.     At all times material herein, Defendant, HANJIN SHIPPING CO., LTD.,

(hereinafter "HANJIN" or with Does "Defendants"), was a corporation doing business in this

judicial district as an ocean common carrier and freight forwarder with an office and place of

---

*Complaint for Damage to Cargo*

**EXHIBIT A**

1  business at 301 Hanjin Road. Long Beach, California 90802.

2       3.     Plaintiff has no knowledge of the true names and capacities of Defendants sued

3  herein as Does 1 through 20 inclusive, except that Plaintiff is informed and believes, and on that

4  basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts.

5  Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this

6  complaint to allege their true names and capacities when ascertained.

7       4.     Plaintiff is informed and believes, and on that basis alleges, that each of the Doe

8  Defendants were at all times herein mentioned the agent, servant, employee or contractor of the

9  other Defendants.

10       5.     On or about September 5, 2007, Defendants accepted a shipment consisting of

11  2400 bags of green coffee ("Cargo") to be carried from Belawan, Indonesia to Baltimore,

12  Maryland in the same good order and condition as when received in Container Nos.

13  HJCU2914395, HJCU8315624, HJCU8236274, HJCU8470750, HJCU8934193 and

14  HJCU8490381 under HANJIN bills of lading numbers HJSCBANA01099506,

15  HJSCBANA01099607 and HJSCBANA01100005 each dated September 5, 2007 and the Hanjin-

16  Starbucks Master Service Agreement effective starting on May 20, 2004 and remaining in effect

17  on the date of the shipment.

18       6.     Defendants, and each of them, failed and neglected to carry, handle and monitor

19  the Cargo and maintain its good order and condition as when received.  To the contrary, the

20  cargo was damaged while in the care and custody of Defendants.

21       7.     By reason of the foregoing, Plaintiff has been damaged in the sum of

22  $525,000.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by

23  Defendants despite demand therefor.

24       **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

25       **(Negligence/Willful Misconduct)**

26       8.     Plaintiff refers to paragraphs 1 through 7, inclusive, of this complaint and

27  incorporates them herein as though fully set forth.

28       9.     The loss to the Cargo was directly and proximately caused by the negligence,

1  carelessness, and willful misconduct of Defendants, and each of them.

2       10.   As a direct and proximate result of such conduct, Plaintiff has been damaged in

3  the sum of $525,000.00, plus miscellaneous expenses, interest and costs, no part of which has

4  been paid by Defendants despite demand therefor.

5  <div align="center">**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**</div>

6  <div align="center">(Breach of Contract)</div>

7       11.   Plaintiff refers to paragraphs 1 through 10, inclusive, of this complaint and

8  incorporates them herein as though fully set forth.

9       12.   On or about September 5, 2007, Defendants, and each of them, agreed to safely

10  handle, store, count, transport and deliver the Cargo in the same good order and condition as

11  when received.

12       13.   Defendants, and each of them, materially and substantially breached and deviated

13  from their agreement by failing to deliver the Cargo in the same good order and condition as

14  when received.

15       14.   All, of any, conditions and/or covenants required to be performed in accordance

16  with the terms and conditions of the agreement, were complied with or otherwise excused.

17       15.   As a direct and proximate result of the material breach of, and deviation from, the

18  agreements by Defendants, Plaintiff has been damaged in the sum of $525,000.00, plus

19  miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

20  <div align="center">**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**</div>

21  <div align="center">(Breach of Bailment)</div>

22       16.   Plaintiff refers to paragraphs 1 through 15, inclusive, of this complaint and

23  incorporates them herein as though fully set forth.

24       17.   The damage of the Cargo was directly and proximately caused by the acts and

25  omissions of Defendants, and each of them, in violation of their statutory and common law duties

26  and obligations as bailees to safely care for the Cargo and take adequate exception to its

27  condition upon receipt.

28       18.   By reason of the foregoing, Plaintiff has been damaged in a sum of $525,000.00,

*Complaint for Damage to Cargo*

1  plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants

2  despite demand therefor.

3  ### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

4  ### (Breach of Warranty)

5        19.    Plaintiff refers to paragraphs 1 through 18, inclusive, of the Complaint and

6  incorporates them herein as though fully set forth.

7        20.    In loading, stowing and unloading the Cargo, Defendants warranted that they

8  would perform the services in a workmanlike manner using the proper equipment and personnel.

9        21.    Defendants improperly stowed, loaded and offloaded the Cargo and thus,

10  breached their warranty.

11        22.    As a direct and proximate result of defendant's breach of warranty, Plaintiff has

12  been damaged in the sum of $525,000.00, plus miscellaneous expenses, interest and costs, no

13  part of which has been paid by Defendants despite demand therefor.

14  ### PRAYER

15        WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and

16  severally, as follows:

17        1.    For general damages in the sum of $525,000.00, plus miscellaneous expenses,

18  interest and costs;

19        2.    For pre-judgment interest at the rate of 10% per annum from October 25, 2007;

20        3.    For post-judgment interest at the rate of 10% per annum;

21        4.    For costs of suit herein; and

22        5.    For such other and further relief as this court deems just and proper.

23  Dated: January 22, 2009          CAMMARANO & SIRNA, LLP

24                            By:

25                            Dennis A. Cammarano
                          Attorneys for Plaintiff,

26                            STARBUCKS CORPORATION
                          doing business as STARBUCKS

27                            COFFEE COMPANY
                          294712

28

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER: 123662 | Reserved for Clerk's File Stamp |
|---|---|---|

Dennis A. Cammarano, Esq.
CAMMARANO & SIRNA, LLP
555 East Ocean Blvd., Suite 501
Long Beach, California 90802
(562) 495-9501                                      O/R: 2947
ATTORNEY FOR (Name): Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:
415 W. Ocean Blvd., Long Beach, California 90802

JAN 23 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

PLAINTIFF:
STARBUCKS CORPORATION doing business as STARBUCKS COFFEE COMPANY

DEFENDANT:
HANJIN SHIPPING CO., LTD., ET AL.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>NC052412 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE ONE

and having discovered the true name of the defendant to be:

TRUE NAME
KAWASAKI KISEN KAISHA, LTD.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>01/23/09 | TYPE OR PRINT NAME<br>DENNIS A. CAMMARANO, ESQ. | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                                    _____
Dated                                                Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

| | |
|---|---|
| 1 | <div align="center">**PROOF OF SERVICE**</div> |
| 2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES |

3   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 444 West Ocean Boulevard, Suite
4   1250, Long Beach, California 90802-8131.

5   On February 19, 2009, I served the foregoing document described as: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1332**
6   **(DIVERSITY OF CITIZENSHIP)** on the interested parties in this action, by placing the ( )
7   original (x ) true copy thereof enclosed in sealed envelope to the addressee as follows:

8   Dennis A. Cammarano                    Tel: (562) 495-9501
    CAMMARANO & SIRNA, LLP                 Fax: (562) 495-3674
9   555 East Ocean Blvd., Suite 501        Attorneys for Plaintiff, Starbucks Corporation
    Long Beach, CA 90802

10

11  (X)   **by mail** as follows: I am "readily familiar" with the firm's practice of collection and
12        processing correspondence for mailing, which is deposited with U.S. Postal Service on
          that same day with postage thereon fully prepared at Long Beach, CA in the ordinary
13        course of business. I am aware that on motion of the party served, service is presumed
          invalid if postal cancellation date or postage meter date is more than one day after date of
14        deposit for mailing in affidavit.

15  ( )   **by personal service** as follows: I caused to be delivered by messenger service to the
          offices of the addressee(s).
16
17  ( )   **by facsimile** as follows: I caused service by facsimile. The transmission was reported as
          complete and without error with transmission report.

18  ( )   **by overnight mail** as follows: I caused the foregoing document to be served by overnight
          service.
19
20  (X)   (**State**) I declare under penalty of perjury under the laws of the State of California that the
          above is true and correct.

21  ( )   (**Federal**) I declare that I am employed in the office of a member of the bar of this court
          at whose direction the service was made.
22
23        Executed on February 19, 2009, at Long Beach, California.

24

25                                    _____
                                              Grace Kang
26

27

28

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Starbucks Corporation, doing business as Starbucks Coffee Company | Hanjin Shipping Co., Ltd. Kawasaki Kisen Kaisha, Ltd. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Dennis A. Cammarano, Cammarano & Sirna, LLP, 555 East Ocean Blvd., Suite 501, Long Beach, CA 90802 (562) 495-9501 | Alan Nakazawa, Cogswell Nakazawa & Chang, LLP, 444 W. Ocean Blvd., Suite 1250, Long Beach, CA 90802 (562) 951-8668 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** – For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $ 525,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Admiralty cargo damage cause of action under United States COGSA, 46 U.S.C. section 1300, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☑ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 371 Truth in Lending | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 530 General |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | |
| ☐ 810 Selective Service | | | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 851 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:  CV09 01230

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Seattle, Washington |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Seoul, Korea |
|  | Tokyo, Japan |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Baltimore, Maryland |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____    Date   2/19/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

<div align="center">

**PROOF OF SERVICE**

</div>

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 444 West Ocean Boulevard, Suite

4    1250, Long Beach, California 90802-8131.

5        On February 19, 2009, I served the foregoing document described as: **CIVIL COVER SHEET** on the interested parties in this action, by placing the ( ) original (x ) true copy thereof

6    enclosed in sealed envelope to the addressee as follows:

7    Dennis A. Cammarano                          Tel: (562) 495-9501
     CAMMARANO & SIRNA, LLP                       Fax: (562) 495-3674

8    555 East Ocean Blvd., Suite 501              Attorneys for Plaintiff, Starbucks Corporation
     Long Beach, CA 90802

9

10

11   (X)   **by mail** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing, which is deposited with U.S. Postal Service on

12         that same day with postage thereon fully prepared at Long Beach, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed

13         invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14   ( )   **by personal service** as follows: I caused to be delivered by messenger service to the

15         offices of the addressee(s).

16   ( )   **by facsimile** as follows: I caused service by facsimile. The transmission was reported as complete and without error with transmission report.

17   ( )   **by overnight mail** as follows: I caused the foregoing document to be served by overnight

18         service.

19   (X)   **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20   ( )   **(Federal)** I declare that I am employed in the office of a member of the bar of this court

21         at whose direction the service was made.

22   Executed on February 19, 2009, at Long Beach, California.

23

24                                        _____
                                                    Grace Kang

25

26

27

28