MICHAEL L. SWAIN (133260)
ROSS I. LANDAU (259260)
SWAIN & DIPOLITO LLP
555 East Ocean Boulevard, Suite 400
Long Beach, California  90802-5052
Telephone:   (562) 983-7833
Facsimile:   (562) 983-7835
E-mail: mswain@swaindipolito.com

Attorneys for Defendant, Cross-Claimant
and Third-Party Plaintiff HANJIN SHIPPING CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| STARBUCKS CORPORATION, doing business as STARBUCKS COFFEE COMPANY, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> HANJIN SHIPPING COMPANY, LTD., a foreign corporation, KAWASAKI KISEN KAISHA, LTD., a foreign corporation; and DOE ONE through DOE TEN, <br><br> Defendants. <br> HANJIN SHIPPING CO., LTD., a corporation, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ADVANCE CONTAINER LINES (PTE.), LTD., a foreign corporation, <br><br> Third-Party Defendant. <br> AND RELATED ACTION. | Case No. CV 09-01230 FMC (Ex) <br><br> Honorable Florence-Marie Cooper <br><br> THIRD-PARTY COMPLAINT <br><br> Rule 14(a) and (c), Fed. R. Civ. P. |

- 1 -

Third-party plaintiff Hanjin Shipping Co., Ltd. ("Hanjin") for its Third-Party Complaint against third-party defendant Advance Container Lines (Pte.), Ltd. ("ACL"), pursuant to Rule 14(a) and (c), Fed. R. Civ. P., alleges upon information and belief as follows:

1.   This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1333.  Third-party plaintiff invokes Rule 9(h), Fed R. Civ. P.

2.   At all material times mentioned herein, third-party plaintiff Hanjin Shipping Co., Ltd., was and is a corporation doing business within this district and engaged in the carriage of goods by sea.

3.   At all material times mentioned herein, third-party defendant ACL was and is a foreign corporation engaged in the carriage of goods by sea, and the owner, charterer, and/or operator of the M/V KOTA BERANI.

4.   In or about September, 2007, six (6) ocean shipping containers said to contain a cargo of coffee beans were allegedly carried from Indonesia, to Baltimore, Maryland, with sea carriage to be performed by third-party defendant ACL.

5.   On or about January 23, 2009, the plaintiff filed a Complaint against Hanjin and Kawasaki Kisen Kaisha, Ltd. ("K-Line"), alleging, inter alia, that it sustained damages as a

- 2 -

1  result of alleged damage to or loss of the subject cargo, and
2  Hanjin and K-line are responsible and liable therefor to the
3  plaintiff.   [Attached hereto as Exhibit "A" is a true and correct
4  copy of the plaintiff's Complaint, which has been removed from
5  state court to the captioned court.]  Hanjin has filed a First
6  Amended Answer and Cross-Claim in response to the Complaint, in
7  which Hanjin denied any and all liability in the premises, and
8  the issues raised thereby remain before the Court without trial
9  or adjudication.

10

11      6.    Third-party defendant ACL's sea carriage of the subject
12  containers and their contents was performed pursuant to written
13  contracts of carriage, bills of lading, charterparties,
14  connecting carrier agreements and/or slot sharing agreements.

15

16      7.    Hanjin has performed all terms, conditions, and
17  covenants required on its part to be performed, if any, in
18  accordance with the terms and conditions of the ocean carriage,
19  connecting carriage or slot sharing agreements, and/or
20  charterparties, except those whose performance is excused.

21

22      8.    If the plaintiff sustained any damages by reason of the
23  matters alleged in the Complaint, which is denied, such damages
24  were solely caused by third-party defendant ACL, and its
25  respective agents, its servants and employees, as a result of
26  their fault, negligence, and/or breach of express or implied
27  ///
28  ///

- 3 -

duties in contract, at law, and in equity, during their custody, transport, handling, and care of the cargo, among other acts and omissions to be demonstrated at trial.

9.   Accordingly, if the plaintiff is entitled to recover damages by reason of the matters alleged in the Complaint, said causes of action are properly against third-party defendant ACL, by reason of the matters aforesaid, and third-party defendant ACL is directly liable to the plaintiff, who may recover judgment directly against said third-party plaintiff as provided in Rule 14(c), <u>Fed. R. Civ. P</u>.

10.   Alternatively, if and to the extent Hanjin is adjudged to have any liability for the alleged loss of or damage to the plaintiff's goods, which liability is denied, Hanjin is entitled to indemnity and/or contribution from third-party defendant ACL, plus an award of costs and attorney's fees incurred in the defense of the plaintiff's Complaint.

WHEREFORE, defendant, cross-claimant, and third-party plaintiff Hanjin Shipping Co., Ltd., prays as follows:

1.   That plaintiff take nothing by its Complaint on file herein;

2.   That process in due form of law issue pursuant to the rules and practice of this Court, citing third-party defendant Advance Container Lines (Pte.), Ltd., to appear and answer the

- 4 -

matters set forth in the plaintiff's Complaint and in this Third-Party Complaint, as required by Rule 14(a) and (c), <u>Fed. R. Civ. P.</u>;

3.   That if any judgment is entered in favor of the plaintiff, that said judgment be entered directly against third-party defendant Advance Container Lines (Pte.), Ltd.;

4.   That if any judgment is entered in favor of plaintiff and against Hanjin Shipping Company, Ltd., then a judgment over with interest and costs be entered in favor of Hanjin Shipping Company, Ltd., as third-party plaintiff, against third-party defendant Advance Container Lines (Pte.), Ltd., for indemnity and/or contribution, as by this Court may be deemed appropriate in the premises as to such judgment, requiring the third-party defendant Advance Container Lines (Pte.), Ltd., to pay Hanjin Shipping Company, Ltd., the amount of any such judgment against Hanjin Shipping Company, Ltd., and to exonerate Hanjin Shipping Company, Ltd., herein;

5.   For an award of attorney's fees and costs; and

///
///
///
///
///
///

Third-Party Complaint

1      6.    For such further relief as this Court may deem just and

2   appropriate.

3

4   DATED:   April 2, 2009                SWAIN & DIPOLITO LLP

5

6                                   By:   _____

7                                         MICHAEL L. SWAIN
                                          Attorneys for Defendant,
8                                         Cross-Claimant and Third-Party
                                          Plaintiff HANJIN SHIPPING CO.,
9                                         LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third-Party Complaint

EXHIBIT A

JAN-23-09 12:15  FROM: O DENNIS CAMMARANO    1-562-495-367               T-420  P02/11  U-427

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 2 3 2009

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HANJIN SHIPPING CO., LTD.; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STARBUCKS CORPORATION doing business as STARBUCKS
COFFEE COMPANY,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* NC052433

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES - SOUTH DISTRICT
415 W. Ocean Blvd., Long Beach, California 90802

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis A. Cammarano, Esq. (SBN: 123662), CAMMARANO & SIRNA, LLP, 555 East Ocean Blvd., Suite
501, Long Beach, California 90802, (562) 495-9501                                     O/R: 2947

DATE: 
*(Fecha)*  JAN 2 3 2009  **John A. Clarke**  Clerk, by _____, Deputy
                                            *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*A7*

DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO & SIRNA, LLP
555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
Telephone: (562) 495-9501
Facsimile: (562) 495-3674

Attorneys for Plaintiff,
STARBUCKS CORPORATION doing business
as STARBUCKS COFFEE COMPANY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**JAN 23 2009**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

CASE MANAGEMENT CONFERENCE
8:30 a.m.

JUN 2 2 2009

IN DEPARTMENT ___

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - SOUTH DISTRICT

| | |
|---|---|
| STARBUCKS CORPORATION doing business as STARBUCKS COFFEE COMPANY, | Case No. NC 052412 |
| Plaintiff, | COMPLAINT FOR DAMAGE TO CARGO; NEGLIGENCE/WILLFUL MISCONDUCT; BREACH OF CONTRACT; BREACH OF WARRANTY; BREACH OF BAILMENT |
| vs. | |
| HANJIN SHIPPING CO., LTD.; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff alleges:

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Damage to Cargo)

1.     Plaintiff, STARBUCKS CORPORATION doing business as STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS" or "Plaintiff") is a corporation authorized to do business in the State of California with an office and place of business at 2401 Utah Avenue South, Suite 800, S-LA1, Seattle, Washington 98124. Plaintiff brings this action on its own behalf and on behalf of all others having any interest in the Cargo referred to below.

2.     At all times material herein, Defendant, HANJIN SHIPPING CO., LTD., (hereinafter "HANJIN" or with Does "Defendants"), was a corporation doing business in this judicial district as an ocean common carrier and freight forwarder with an office and place of

*Complaint for Damage to Cargo*

*A8*

HANJIN SHIPPING
01-23-'09 12:19  FROM  D DENNIS CAMMARANO   1-562-495-3674   T-420  P04/11  U-427

1    business at 301 Hanjin Road, Long Beach, California 90802.

2        3.    Plaintiff has no knowledge of the true names and capacities of Defendants sued

3    herein as Does 1 through 20 inclusive, except that Plaintiff is informed and believes, and on that

4    basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts.

5    Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this

6    complaint to allege their true names and capacities when ascertained.

7        4.    Plaintiff is informed and believes, and on that basis alleges, that each of the Doe

8    Defendants were at all times herein mentioned the agent, servant, employee or contractor of the

9    other Defendants.

10       5.    On or about September 5, 2007, Defendants accepted a shipment consisting of

11   2400 bags of green coffee ("Cargo") to be carried from Belawan, Indonesia to Baltimore,

12   Maryland in the same good order and condition as when received in Container Nos.

13   HJCU2914395, HJCU8315624, HJCU8236274, HJCU8470750, HJCU8934193 and

14   HJCU8490381 under HANJIN bills of lading numbers HJSCBANA01099506,

15   HJSCBANA01099607 and HJSCBANA01100005 each dated September 5, 2007 and the Hanjin-

16   Starbucks Master Service Agreement effective starting on May 20, 2004 and remaining in effect

17   on the date of the shipment.

18       6.    Defendants, and each of them, failed and neglected to carry, handle and monitor

19   the Cargo and maintain its good order and condition as when received.  To the contrary, the

20   cargo was damaged while in the care and custody of Defendants.

21       7.    By reason of the foregoing, Plaintiff has been damaged in the sum of

22   $525,000.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by

23   Defendants despite demand therefor.

24              **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

25                          **(Negligence/Willful Misconduct)**

26       8.    Plaintiff refers to paragraphs 1 through 7, inclusive, of this complaint and

27   incorporates them herein as though fully set forth.

28       9.    The loss to the Cargo was directly and proximately caused by the negligence,

---

*Complaint for Damage to Cargo*

*A9*

01-23-09 12:20   FROM-  D DENNIS CAMMARANO   1-562-495-367    T-420  P05/11  U-427

1  carelessness, and willful misconduct of Defendants, and each of them.

2      10.    As a direct and proximate result of such conduct, Plaintiff has been damaged in

3  the sum of $525,000.00, plus miscellaneous expenses, interest and costs, no part of which has

4  been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Contract)

7      11.    Plaintiff refers to paragraphs 1 through 10, inclusive, of this complaint and

8  incorporates them herein as though fully set forth.

9      12.    On or about September 5, 2007, Defendants, and each of them, agreed to safely

10 handle, store, count, transport and deliver the Cargo in the same good order and condition as

11 when received.

12     13.    Defendants, and each of them, materially and substantially breached and deviated

13 from their agreement by failing to deliver the Cargo in the same good order and condition as

14 when received.

15     14.    All, of any, conditions and/or covenants required to be performed in accordance

16 with the terms and conditions of the agreement, were complied with or otherwise excused.

17     15.    As a direct and proximate result of the material breach of, and deviation from, the

18 agreements by Defendants, Plaintiff has been damaged in the sum of $525,000.00, plus

19 miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Bailment)

22     16.    Plaintiff refers to paragraphs 1 through 15, inclusive, of this complaint and

23 incorporates them herein as though fully set forth.

24     17.    The damage of the Cargo was directly and proximately caused by the acts and

25 omissions of Defendants, and each of them, in violation of their statutory and common law duties

26 and obligations as bailees to safely care for the Cargo and take adequate exception to its

27 condition upon receipt.

28     18.    By reason of the foregoing, Plaintiff has been damaged in a sum of $525,000.00,

*Complaint for Damage to Cargo*

*A 10*

1 | plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants
2 | despite demand therefor.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

#### (Breach of Warranty)

5 | 19.   Plaintiff refers to paragraphs 1 through 18, inclusive, of the Complaint and
6 | incorporates them herein as though fully set forth.

7 | 20.   In loading, stowing and unloading the Cargo, Defendants warranted that they
8 | would perform the services in a workmanlike manner using the proper equipment and personnel.

9 | 21.   Defendants improperly stowed, loaded and offloaded the Cargo and thus,
10 | breached their warranty.

11 | 22.   As a direct and proximate result of defendant's breach of warranty, Plaintiff has
12 | been damaged in the sum of $525,000.00, plus miscellaneous expenses, interest and costs, no
13 | part of which has been paid by Defendants despite demand therefor.

### PRAYER

15 | WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and
16 | severally, as follows:

17 | 1.   For general damages in the sum of $525,000.00, plus miscellaneous expenses,
18 | interest and costs;

19 | 2.   For pre-judgment interest at the rate of 10% per annum from October 25, 2007;

20 | 3.   For post-judgment interest at the rate of 10% per annum;

21 | 4.   For costs of suit herein; and

22 | 5.   For such other and further relief as this court deems just and proper.

23 | Dated: January 22, 2009

CAMMARANO & SIRNA, LLP

By: _____
Dennis A. Cammarano
Attorneys for Plaintiff,
STARBUCKS CORPORATION
doing business as STARBUCKS
COFFEE COMPANY
294712

---

*Complaint for Damage to Cargo*

**DECLARATION OF SERVICE**

I, the undersigned, certify and declare as follows:

I am employed in the County of Los Angeles, State of California and am over the age of eighteen and not a party to this action.  My business address is 555 East Ocean Boulevard, Suite 400, Long Beach, California 90802-5052.

On April 2, 2009, I served the foregoing *THIRD-PARTY COMPLAINT* as follows:

[ ]   by personal delivery of a true copy thereof to:

[√]   by placing a true copy thereof enclosed in a sealed
      envelope with postage thereon fully prepaid in the
      United States mail at Long Beach, California, addressed
      as follows:

          Dennis A. Cammarano, Esq.
          Salvatore T. Sirna, Esq.
          CAMMARANO & SIRNA, LLP
        555 East Ocean Blvd., Suite 501
          Long Beach, CA 90802

          Alan Nakazawa, Esq.
          Dena S. Aghabeg, Esq.
          Ken D. Sato, Esq.
      COGSWELL, NAKAZAWA & CHANG, LLP
        444 West Ocean Blvd., Suite 1250
          Long Beach, CA 90802

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[√]   (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 2, 2009, in Long Beach, California.

*Victoria Mathis*
Victoria Mathis